In the Matter of BROOKLYN COLLEGE OF THE CITY UNIVERSITY OF NEW YORK et al., Petitioners, v. STATE DIVISION OF HUMAN RIGHTS, on the Complaint of THOMAS MONTELEONE, Respondent.— Consolidated proceedings under section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated December 17, 1971, which affirmed an order of the State Division of Human Rights, dated March 10, 1971, (1) finding, *inter alia,* that petitioners, Brooklyn College and the Administrator of its Audio-Visual Department, Dr. Leon S. Stein, had discriminated against the college's employee Thomas Monteleone, by refusing to reappoint him and recommend him for tenure because of ethnic and religious reasons, and (2) directing Brooklyn College to rehire Monteleone and grant him tenure, with back pay. Petitions granted, determinations of the Appeal Board and the Division of Human Rights annulled, on the law, without costs, and complaint of Monteleone dismissed. In our view there was not substantial evidence to support the finding of unlawful discrimination. The record discloses only sporadic instances of intemperate and possibly abusive language directed at Monteleone. It also discloses that numerous persons of Monteleone's own ethnic background were hired and recommended for rehiring by Stein. As stated in a similar setting by Judge Breitel

when he was sitting in the Appellate Division, "Had there been a showing of systematic exclusion or restriction, or a generalized pattern of unlawful discrimination, or any evidence of persistent religious or other unlawful discrimination directed to * * * [respondent], it might be another matter" (*Matter of Lombardo* v. *Board of Higher Educ. of City of N. Y.*, 18 A D 2d 444, 446, affd. 13 N Y 2d 1097). Absent such a showing however, we cannot sustain the order. Rabin, P. J., Munder, Latham and Benjamin, JJ., concur; Martuscello, J., dissents and votes to remit the matter to the Division of Human Rights for a further hearing, with the following memorandum: Dr. Stein, because of illness, was unable to testify at the hearing. Both he and Brooklyn College have requested this court to remit the matter so that Dr. Stein's testimony can be taken. Under the circumstances herein, I believe the record is incomplete and, accordingly, I would remit the matter with a direction that the hearing be reopened, that Dr. Stein's testimony be taken and that all parties be afforded an opportunity to submit further evidence (cf. *State Comm. of Human Rights* v. *Lieber*, 32 A D 2d 830). Thereafter, the Commissioner of the Division of Human Rights should make new findings on what, I believe, would then be a complete record. In fairness to Dr. Stein, he should be given an opportunity to rebut Monteleone's accusations and, correspondingly, Monteleone should have the opportunity, which he has not had to date, to cross-examine Dr. Stein as to all facets of the matter.